## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **SYLVIA LOTT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **CIV-18-1176-PRW** |
| | ) | |
| | ) | |
| **THE CITY OF OKLAHOMA CITY,** | ) | |
| **A municipal corporation; AMERICAN** | ) | |
| **FEDERATION OF STATE, COUNTY)** | | |
| **AND MUNICIPAL EMPLOYEES** | ) | |
| **(AFSCME), AFL-CIO, LOCAL 2406;** | ) | |
| **and BRUCE DAVIS, AFSCME** | ) | |
| **President, in his official capacity,** | ) | |
| | ) | |
| **Defendants,** | ) | |
| | ) | |

## ORDER

Plaintiff Sylvia Lott was a civilian employee of Defendant City of Oklahoma City ("Oklahoma City") working as a Police Identification Technician. She was fired on August 22, 2018. Lott has sued Defendant American Federation of State, County, and Municipal Employees ("AFSCME") for allegedly breaching the collective bargaining agreement governing Lott's employment with the City and allegedly breaching its duty of fair representation in violation of 29 U.S.C. § 185. Lott also alleges her termination was the result of unlawful racial discrimination and retaliation by Oklahoma City in violation of 42 U.S.C. § 2000e, *et. seq*., or Title VII. AFSCME has now filed a Motion for Summary Judgment (Dkt. 82) alleging the undisputed material facts entitle it to judgment as a matter of law. For the reasons stated below, the motion is denied.

1

## *Background*

After Lott was terminated from her position as a Police Identification Technician working for Oklahoma City, she filed a grievance with her union, AFSCME, which advanced her grievance through the process outlined in the collective bargaining agreement between Oklahoma City and AFSCME up to the so-called third step hearing. Lott was dissatisfied with AFSCME's representation of her because of the advice AFSCME President Bruce Davis allegedly gave her and because AFSCME was simultaneously representing another employee, Jennifer Hudson, in her own grievance process. As a result, Lott retained private counsel who she brought to the third step hearing, and she signed a release that stated she would be using private counsel to represent her at the third step hearing instead of counsel provided by AFSCME. Oklahoma City then terminated the third step hearing because Lott was represented by private counsel instead of by AFSCME. This lawsuit followed.

## *Standard of Review*

Fed. R. Civ. P. 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Supreme Court explains:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to a judgment as a matter of law' because the

nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.[1]

In deciding whether summary judgment is proper, the court does not weigh the evidence, but determines only whether there is a genuine dispute for trial before the fact-finder.[2] The movant bears the initial burden of demonstrating the absence of a genuine, material dispute and an entitlement to judgment.[3] A fact is "material" if, under the substantive law, it is essential to the proper disposition of the claim.[4] A dispute is "genuine" if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way.[5]

If the movant carries the initial burden, the nonmovant must then assert that a material fact is genuinely in dispute and must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"; by "showing that the materials cited [in the movant's motion] do not establish the absence . . . of a genuine

---

[1] *Celotex Corp.*, 477 U.S. at 322–23; *see Braxton v. Nortek Air Sols., LLC*, 769 F. App'x 600, 603 (10th Cir. 2019) (quoting *Adler,* 144 F.3d at 671) ("[I]f the movant will not bear the burden of persuasion at trial, it can meet this initial burden 'simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.' It 'need not negate the nonmovant's claim.'").

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1251 (10th Cir. 2015).

[3] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[4] *Anderson*, 477 U.S. at 248; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[5] *Id.*

dispute"; or by "showing . . . that an adverse party [i.e., the movant] cannot produce admissible evidence to support the fact."[6] The nonmovant does not meet its burden by "simply show[ing] there is some metaphysical doubt as to the material facts,"[7] or by theorizing a "plausible scenario" in support of its claims.[8] "Rather, 'the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"[9] If there is a genuine dispute as to some material fact, the district court must consider the evidence and all reasonable inferences from the evidence in the light most favorable to the nonmoving party.[10]

### *Analysis*

### *Breach of Duty of Fair Representation*

AFSCME argues that it fairly represented Lott and is thus entitled to summary judgment on Lott's breach of duty of fair representation claim.[11] Lott argues that AFSCME

---

[6] Fed. R. Civ. P. 56(c)(1); *see also Celotex Corp.*, 477 U.S. 317; *Beard v. Banks*, 548 U.S. 521, 529 (2006).

[7] *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (alteration in original) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Ulissey v. Shvartsman*, 61 F.3d 805, 808 (10th Cir. 1995)).

[8] *Scott v. Harris*, 550 U.S. 372, 380 (2007).

[9] *Neustrom*, 156 F.3d at 1066 (quoting *Anderson*, 477 U.S. at 251–52; *Bingaman v. Kan. City Power & Light Co.*, 1 F.3d 976, 980 (10th Cir. 1993)).

[10] *Scott*, 550 U.S. at 380; *Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *Sylvia v. Wisler*, 875 F.3d 1307, 1328 (10th Cir. 2017).

[11] AFSCME Local 2406 & Bruce Davis' Mot. for Summ. J. & Br. in Supp. (Dkt. 82) at 9–22.

represented her in a perfunctory fashion, which is a breache of its duty to fairly represent her.[12]

As the "sole and exclusive bargaining representative of an employee with his employer, every collective bargaining union has a duty to represent its members fairly in its dealing with management."[13] The duty of fair representation is breached by a union representing an employee in a grievance procedure when the union acts "'in a discriminatory, dishonest, arbitrary, or perfunctory fashion.'"[14] To act in a perfunctory fashion means to act "without concern or solicitude, or [to give] a claim only cursory attention."[15]  It does not mean, however, "mere negligent conduct," so "carelessness or honest mistakes are not sufficient to impose liability on a union."[16] A breach of the duty of fair representation may occur if a union fails to undertake an adequate investigation of an employee's claims.[17]

---

[12] *See* Pl.'s Resp. in Obj. to AFSCME's Mot. for Summ. J. Pursuant to the Ct.'s Order of Mar. 12, 2020 (Dkt. 86) at 12–15; *Webb v. ABF Freight Sys., Inc*., 155 F.3d 1230, 1241 (10th Cir. 1998).

[13] *Webb*, 155 F.3d at 1239 (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 & n. 14 (1983)).

[14] *Hinkley v. Roadway Exp., Inc*., 249 Fed.Appx. 13, 16 (unpublished) (quoting *Int'l Bhd. of Elec. Workers v. Hechler*, 481 U.S. 851, 864 n. 6 (1987))

[15] *Webb*, 155 F.3d at 1240 (internal quotation omitted).

[16] *Id.*

[17] *Id*. at 1241.

According to AFSCME, "Plaintiff has NEVER alleged or asserted that these Defendants' conduct regarding her representation was arbitrary, discriminatory, or in bad faith."[18] Moreover, says AFSCME,

> [t]here is absolutely no evidence that [Defendant] neglected or refused to fulfill [its duty of fair representation] to the Plaintiff between [the date Defendant's statutory obligation to Plaintiff arose] and [the date of the Third Step Hearing] because it did absolutely everything regarding the Plaintiff's representation and her grievance that was required and/or allowed by the [collective bargaining agreement] . . . which is why there is not any evidence or allegations of arbitrariness, discrimination or bad faith conduct by the Defendants during that period.[19]

AFSCME further asserts that "Defendants were contractually precluded from seeking or receiving the City's evidence supporting the Plaintiff's termination unless it was voluntarily provided."[20] AFSCME does not cite to this supposed contract that precluded it from seeking evidence, and instead explains that the origin of this "binding past practice" "has been lost in time."[21] But even so, AFSCME explains—from its institutional memory, apparently—that AFSCME's "standard practice" is to advance "every even remotely meritorious grievance through the Third Step Hearing," and "[only] after receiving the City's supporting evidence can the true merits, strengths, weaknesses and viability of a grievance be objectively evaluated."[22] This is why, AFCME explains, it did not look into the merits of Lott's case before the hearing, since such an independent investigation would

---

[18] AFSCME Local 2406 & Bruce Davis' Mot. for Summ. J. & Br. in Supp. (Dkt. 82) at 10.

[19] *Id*. at 10–11.

[20] *Id*. at 16.

[21] *Id*.

[22] *Id*. at 17.

have been "a waste of effort" as the City would turn over its investigation materials "in the near future."[23]

Lott responds[24] that AFSCME can and did breach its duty of fair representation by acting in a perfunctory fashion.[25] In support, Lott first cites her own deposition that states that a few days before the hearing, AFSCME representative Ed Kinchion admitted he had not read over her file and would only make it to her Third Step Hearing if he could get off work.[26] In addition, her deposition testimony explains that AFSCME President Bruce Davis did not go over her file with her prior to the Third Step Hearing.[27]

Lott also cites the affidavit of President Davis in which he explains that "[b]ecause [Defendant AFSCME] does not have a complete picture of the allegations and evidence regarding the discipline until after the Third Step Hearing, [Defendant AFSCME] is unable to develop any plan or strategy until after that hearing."[28] He also told Lott not to expect a favorable decision at the Third Step Hearing "since most Third Step Hearings result in a

---

[23] *Id*. at 18.

[24] The Court notes that this is not the same breach contained in her complaint. According to the complaint, "AFSCME failed to provide Plaintiff fair and adequate representation in the grievance process, pursuant to the Collective Bargaining Agreement, and the AFSCME Bill of Rights, between the City of Oklahoma City and AFSCME, breaching that agreement" because they were simultaneously representing Hudson regarding the sexual harassment incident and Bruce Davis told her to say she was lying prior to the third step hearing so she could keep her job. *See* Complaint (Dkt. 1) at 13–14.

[25] Pl.'s Resp. in Obj. to AFSCME's Mot. for Summ. J. Pursuant to the Ct.'s Order of Mar. 12, 2020 (Dkt. 86) at 12.

[26] *Id*. at 13.

[27] *Id*.

[28] *Id*. (citing Affidavit of Bruce Davis (Dkt. 86-10)).

'decision' upholding the discipline issued."[29] In Lott's view, this evidence exemplifies AFSCME's perfunctory representation because AFSCME, through President Davis, essentially excuses its duty to prepare for Lott's hearing based on the probability that she would lose and blames its failure to obtain evidence on Defendant Oklahoma City.[30] Indeed, Lott argues that AFSCME fails to support, with caselaw or otherwise, how its alleged standard practice of not obtaining any relevant evidence until after the Third Step Hearing "relieves it of responsibility to prepare for and defend Union employees, like Plaintiff."[31]

Viewing all facts and inferences in the light most favorable to Lott, the Court finds that a genuine issue of material fact exists as to whether AFSCME breached its duty of fair representation to Lott by acting in a perfunctory fashion prior to the Third Step Hearing. AFSCME provides no authority to support its position that it did not have an obligation to prepare, strategize, and investigate prior to Lott's Third Step Hearing. Moreover, based on Lott's deposition testimony and Davis's affidavit, a reasonable jury could conclude that AFSCME did not prepare or strategize for Lott's Third Step Hearing, nor investigate her claims, giving them only cursory attention. And although this may be an unwritten standard practice by AFSCME that has been around for decades, that does not immunize it from being perfunctory and a breach of its duty of fair representation. Summary judgment is therefore denied on this claim.

---

[29] *Id.* (citing Affidavit of Bruce Davis (Dkt. 86-10)).

[30] *Id.* at 15.

[31] *Id.*

### *Breach of Collective Bargaining Agreement*[32]

AFSCME next argues that Lott's breach of collective bargaining agreement claim fails because "[t]he Defendants[] did not fail to perform any contractual act or action that would have benefitted the Plaintiff . . . ."[33] In its view, "even viewing the . . . circumstances in the most favorable light possible, . . . the Plaintiff cannot prove or establish that anyone, other than herself with the help and advice of her attorney, breached the terms of the CBA[] at any time during the 70 days [between her termination and the hearing], or . . . during the Third Step Hearing."[34]

To establish a breach of contract, Lott must necessarily prove a valid and enforceable contract existed and that AFSCME breached that contract.[35] Lott cites the

---

[32] Defendants raise a defense that Lott failed to exhaust her remedies under the CBA, *see* AFSCME Local 2406 & Bruce Davis' Mot. for Summ. J. & Br. in Supp. (Dkt. 82) at 26, thus precluding this cause of action. But where the union handles the grievance procedure in a perfunctory manner, exhaustion is excused. *See Garvin v. Am. Tel. & Tel. Co.*, 174 F.3d 1087, 1093 (10th Cir. 1999) ("Exhaustion is excused when: (1) it would be futile; (2) the employer through its conduct has repudiated the grievance procedure itself; or (3) the union has prevented the employee from utilizing the grievance process by breaching its duty of fair representation."). Since that is exactly what Lott asserts and supports with evidence, Defendants' failure to exhaust defense does not entitle it to summary judgment.

[33] AFSCME Local 2406 & Bruce Davis' Mot. for Summ. J. & Br. in Supp. (Dkt. 82) at 24.

[34] *Id*. at 27.

[35] *See United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 62 (1981) (explaining a collective bargaining agreement is a contract); *Lewis v. Local Union No. 100 of Laborers' Int'l Union of N. Am., AFL-CIO*, 750 F.2d 1368, 1373–74 (7th Cir. 1984) (interpreting Supreme Court jurisprudence to hold that a union member can sue her union for breach of a collective bargaining agreement pursuant to 29 U.S.C. §185); *Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Emp. of Am. v. Lockridge*, 403 U.S. 274, 298–99 (1971) ("[I]ndividual union members may sue their employers . . . for breach of a promise embedded in the collective-bargaining agreement that was intended to confer a benefit upon the individual.").

2018-2019 Collective Bargaining Agreement[36] as the relevant contract; it "existed between her employer, Defendant City, and Defendant [AFSCME], and . . . [Plaintiff argues that] Defendant [AFSCME] violated its duties and responsibilities as to Plaintiff as a member."[37] Lott asserts that Defendant AFSCME breached many contractual provisions, but the only one that creates a genuine dispute of material fact is AFSCME's alleged breach of ¶ 7.1.

¶ 7.1: *"The Agreement shall not foster or create, either in the Employer or in the Union, any right, claim, or other adaptation that shall limit their mutual responsibility to undertake concerted actions in assuring equitable and fair treatment of all applicants for employment and employees or Union members covered hereunder in their vocational and career pursuits and aspirations."*

Lott states in a conclusory manner that "Defendant also failed Plaintiff, as a union member, as it did not do its part to 'undertake concerted actions in assuring equitable and fair treatment.'"[38] She cites a pre-typed and pre-dated release of AFSCME as her counsel at the Third Step Hearing that she signed on the date of the Third Step Hearing.[39] Her deposition testimony further confirms that the document was presented to her with her name and the date typed in on the date of the hearing.[40] Viewing this evidence in the light most favorable to Lott, there is a genuine dispute whether AFSCME intended to represent her at hearing. Lott's evidence shows the release of AFSCME was prepared for Lott

---

[36] Collective Bargaining Agreement, Fiscal Year 2018-2019 (Dkt. 86-8).

[37] Pl.'s Resp. in Obj. to AFSCME's Mot. for Summ. J. Pursuant to the Ct.'s Order of Mar. 12, 2020 (Dkt. 86) at 9–10.

[38] *Id*. at 10 (citing Collective Bargaining Agreement, Fiscal Year 2018-2019 (Dkt. 86-8)).

[39] AFSCME Release by Sylvia Lott (Dkt. 86-7).

[40] Pl.'s Resp. in Obj. to AFSCME's Mot. for Summ. J. Pursuant to the Ct.'s Order of Mar. 12, 2020 (Dkt. 86) at 10 (citing Depo. of Sylvia Lott (Dkt. 86-3)).

specifically prior to the hearing. If true, this may be a breach of the broad language of ¶ 7.1, which requires AFSCME to take action to assure "equitable and fair treatment of all . . . employees or Union members." The actions described by Lott and the inferences that can be drawn therefrom—a premeditated intention by AFSCME representatives to be released from representing Lott, or in the alternative, to represent her at the hearing with little to no preparation—are arguably contrary to the fair and equitable treatment of employees and Union members that AFSCME agreed upon. Thus, a genuine dispute exists as to whether AFSCME breached ¶ 7.1 of the CBA.[41]

Lott fails to cite evidence that creates a genuine issue as to whether AFSCME breached the following CBA provisions.

*¶ 9.1 : "The grievance procedures delineated in this Agreement and Article 1300 of The City of Oklahoma City Personnel Policies are an employee's exclusive remedy to challenge his/her suspension or discharge as a violation of this contract of City Personnel Policies."*

Lott asserts that this provision was breached because AFSCME, "as her sole and exclusive bargaining representative with Defendant City, . . . had a duty to represent her

---

[41] Although not in this specific section of her argument, Lott also describes and cites evidence of other actions by AFSCME representatives that may violate this provision, like President Davis and Kinchion's failure to investigate her case before the Third Step Hearing and AFSCME's failure to return Lott's calls before the hearing. *See* Pl.'s Resp. in Obj. to AFSCME's Mot. for Summ. J. Pursuant to the Ct.'s Order of Mar. 12, 2020 (Dkt. 86) at 11 (citing Depo. of Sylvia Lott (Dkt. 86-3)). When viewed in the light most favorable to Lott, these facts and the inferences that may be drawn from them are arguably contrary to the fair and equitable treatment of employees and Union members that AFSCME agreed upon.

fairly in its dealings with management."[42] This contract provision, however, just states that the grievance procedures within are an employee's exclusive remedy to challenge her discharge as a violation of the agreement and says nothing about AFSCME's duty to represent her with management. Moreover, Lott fails to cite any evidence that might establish this breach.

¶ 7.2: *"Pursuant to Title VII of the Civil Rights Act of 1964, . . . , each party recognizes itself to be legally bound to initiate and further the quality of employment for all persons receiving beneficial rights under this Agreement."*

Lott asserts this provision was breached because she has alleged violations of Title VII.[43] She explains that President Davis was unprepared at her Third Step Hearing (citing Affidavit of Bruce Davis (Dkt. 86-10)) and AFSCME did not "ensure strict adherence to due process for Plaintiff nor did it protect her right to a fair trial" (citing no evidence).[44] The complaint does allege violations of Title VII against Defendant City.[45] Lott fails to explain, however, how President Davis' alleged lack of preparation breached this provision, nor does she provide evidence that might establish a breach.

¶ 8.1: *"It is the declared objective of the parties to encourage the prompt and informal resolution of employee grievances as they arise and to provide recourse to orderly procedures for the satisfactory adjustment of grievances."*

---

[42] *Id*. Lott appears to allude to the duty of fair representation, "a claim implied by operation of a union's status under federal law as the sole bargaining representative of the employee." *Webb*, 155 F.3d at 1238.

[43] *Id*.

[44] *Id*.

[45] *See* Compl. (Dkt. 1).

Lott argues "there was nothing orderly about the procedures relating to Plaintiff's representation by Defendant [AFSCME] leading up to her 3rd Step Hearing."[46] She cites her deposition testimony which explains that she repeatedly called AFSCME and her calls were not returned, she spoke to AFSCME representative Kinchion prior to the hearing and he told her he may not be at the hearing unless he could get off work, President Davis did not keep her in the loop and did not let her know whether he would be at the hearing, and he also did not go over her documents prior to the hearing.[47] The cited evidence does not establish a breach of this contract provision, which only speaks to the objective of the parties to encourage prompt resolution of grievances and to provide recourse to orderly procedures. The agreement states that the parties will try to achieve this objective, not that a breach occurs if a grievance is not "orderly" or "promptly" resolved.

¶ 5.4: " . . . [A]ll rights and privileges currently enjoyed by members of AFSCME Union shall remain and be applied as currently applied that are set forth in the City Charter, the City Personnel and departmental rules, regulations, and policies for the City of Oklahoma."

Lott points to the AFSCME Members Bill of Rights, which states accused members shall have the right to a fair trial with due process and shall be innocent until proven guilty.[48] She argues that "Defendant violated its contract by refusing to afford Plaintiff the mandated protections as a member."[49] This provision, however, only explains that separate

---

[46] Pl.'s Resp. in Obj. to AFSCME's Mot. for Summ. J. Pursuant to the Ct.'s Order of Mar. 12, 2020 (Dkt. 86) at 11.

[47] *Id*. (citing Depo. of Sylvia Lott (Dkt. 86-3)).

[48] *Id*. at 11–12 (citing AFSCME Website (Dkt. 86-11)).

[49] *Id*. 12.

rights found in other policies remain enforceable and are not overruled by the agreement. Thus, a breach of the CBA does not occur merely because a breach of an AFSCME Members Bill of Rights provision occurs.

### *Conclusion*

Summary judgment is thus **DENIED** as to the duty of fair representation claim and the breach of collective bargaining agreement claim based on an alleged violation of ¶ 7.1. Summary judgement is **GRANTED** as to the remainder of the breach of collective bargaining agreement claims discussed herein.[50]

**IT IS SO ORDERED this 18th day of May, 2020.**

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[50] A word on the conduct of counsel for AFSME, Local 2406, and Bruce Davis is warranted. Members of the bar of this court are expected to comport themselves in a manner that represents our profession at its best. The summary judgment motion and reply brief filed by counsel fall short of that standard. Attacks on opposing counsel and over-the-top rhetoric of the sort contained in the briefing demeans a process that members of the bar should hold sacred. Worse yet, it does more harm to one's case than good.