## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SYLVIA LOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-01176-PRW |
| | ) | |
| CITY OF OKLAHOMA CITY, AMERICA | ) | |
| FEDERATION OF STATE, COUNTY, | ) | |
| AND MUNICIPAL EMPLOYEES | ) | |
| (AFRSMCE), AFL-CIO, LOCAL 2406, | ) | |
| and BRUCE DAVIS, president of Local | ) | |
| 2406, in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant Local 2406's Renewed Motion for Judgment as a Matter of Law, or a New Trial (Dkt. 152), Plaintiff Sylvia Lott's Response in Opposition (Dkt. 157), and Defendant's Reply (Dkt. 158). For the following reasons, the Renewed Motion for Judgment as a Matter of Law (Dkt. 152) is **DENIED**.

### *Legal Standard*

Rule 50(b) of the Federal Rules of Civil Procedure permits a party to renew a motion for judgment as a matter of law following the entry of judgment. The relevant standard is a continuation from Rule 50(a), which provides that "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue," the Court may then

"resolve the issue against the party" and "grant a motion for judgment as a matter of law."[1] This standard imposes a high bar. Judgment as a matter of law "is 'cautiously and sparingly granted and then only when the court is certain the evidence conclusively favors one party such that reasonable [jurors] could not arrive at a contrary verdict.'"[2] Granting judgment as a matter of law is "appropriate only if the evidence points but one way and is susceptible to no reasonable inferences which may support the nonmoving party's position."[3] When considering sufficiency of the evidence under this motion, "[a]ll reasonable inferences are drawn in favor of the nonmoving party."[4] Thus, to prevail in a motion for judgment as a matter of law, Local 2406 faces the high bar of demonstrating that no reasonable juror could have possibly found in Ms. Lott's favor. Furthermore, "[a]rguments presented in a Rule 50(b) motion cannot be considered if not initially asserted in a Rule 50(a) motion,"[5] so the Court will not consider any additional arguments not raised in the Local 2406's original Rule 50(a) motion.

Parties may alternatively file a Rule 59 motion for new trial alongside their Rule 50(b) motion for judgment as a matter of law. Rule 59 provides that "[t]he court may, on

---

[1] Fed. R. Civ. P. 50(a)(1). If a party renews the motion after trial, pursuant to Rule 50(b), the renewed motion must be brought within twenty-eight days of the entry of judgment. Here, Local 2406 properly made a Rule 50(a) motion at the close of Ms. Lott's case-in-chief, renewed the motion at the close of all evidence, and renewed the motion again less than twenty-eight days after the Court entered judgment following the jury trial.

[2] *Bill Barrett Corp. v. YMC Royalty Co.*, 918 F.3d 760, 766 (10th Cir. 2019) (per curiam) (quoting *Weese v. Schukman*, 98 F.3d 542, 547 (10th Cir. 1996)).

[3] *In re Cox Enters., Inc.*, 871 F.3d 1093, 1096 (10th Cir. 2017).

[4] *Liberty Mut. Fire Ins. Co. v. Woolman*, 913 F.3d 977, 983 (10th Cir. 2019).

[5] *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1255 (10th Cir. 2017).

motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Although ordering a new trial is within this Court's discretionary authority, this authority is used sparingly. The Court "may only set aside the jury's verdict when it concludes the verdict to be against the great weight of the evidence" or "prejudicial error has entered into the record."[6] Furthermore, for a new trial to be warranted, any "errors [that] created prejudice" must also have "affected a party's substantial rights."[7] Regarding evidentiary reasons, the "jury verdict must not be preempted unless it has *no* basis in fact."[8] Simply because "the jury could have drawn different inferences or conclusions or because the Court believes that another result is more reasonable is no basis for granting a new trial."[9]

## *Discussion*

In its motion, Local 2406 appears to present three separate arguments: (1) that Ms. Lott was barred by law from recovering because she had not exhausted the contractual remedies of the collective bargaining agreement; (2) that there was insufficient evidence to find that Local 2406 had arbitrarily, discriminatorily, perfunctorily, or in bad faith breached the duty of fair representation; and (3) that the jury's verdict and damages were

---

[6] *Turnbull v. Missouri Pac. R. Co.*, 1991 WL 544257 at *1 (W.D. Okla. Dec. 10, 1991) (citing *McHargue v. Stokes Div. of Pennwalt Corp.*, 912 F.2d 394, 396 (10th Cir. 1990)).

[7] *Osterhout v. Bd. of Cty. Cmms. of Leflore Cty., Okla.*, 10 F.4th 978, 988 (10th Cir. Aug. 24, 2021) (citing *Henning v. Union Pac. R. Co.*, 530 F.3d 1206, 1217 (10th Cir. 2008)).

[8] *United States v. Fenix & Scisson, Inc.*, 360 F.2d 260, 265 (10th Cir. 1996) (emphasis added).

[9] *Turnbull*, 1991 WL 544257 at *1.

against the weight of the evidence. Most of the brief focused on the latter two arguments. However, as mentioned above, a "renewed motion under Rule 50(b) cannot assert grounds for relief not asserted in the original [Rule 50(a)] motion,"[10] so the Court will not consider any additional arguments not raised in Local 2406's original Rule 50(a) motion.[11]

When Local 2406 moved for directed verdict pursuant to Rule 50(a) during trial, it made only two arguments: (1) that Ms. Lott had failed to present sufficient evidence to prove an unjust termination in violation of the collective bargaining agreement, and (2) that Ms. Lott was barred by law from recovering because she had not exhausted the contractual remedies of the collective bargaining agreement. This latter argument—alleging failure to exhaust contractual remedies—was thus properly raised at the Rule 50(a) stage and may be considered now. However, the other arguments Local 2406 now raises were not raised at the Rule 50(a) stage and therefore may not be considered now, since "Rule 50(a) may not be circumvented 'by raising for the first time in a post-trial motion issues not raised in an earlier motion for directed verdict.'"[12]

In this case, the jury found Local 2406 liable for a single count of breaching the duty of fair representation. This tort requires—and the jury found—three elements: *first*, that the employer violated the collective bargain agreement; *second*, that the union breached

---

[10] *Marshall v. Columbia Lea. Reg. Hosp.*, 474 F.3d 733, 738–39 (10th Cir. 2007) (citing *Anderson v. United Tel. Co.*, 933 F.2d 1500, 1503 (10th Cir. 1991).

[11] *See Perez,* 847 F.3 at 1255 (10th Cir. 2017) (citing *Home Loan Inv. Co. v. St. Paul Mercury Ins. Co.*, 827 F.3d 1256, 1266 (10th Cir. 2016)); *see also Brown v. Elephant Talk North America Corp.*, 2021 WL 5919366, at *1 (W.D. Okla. Oct. 7, 2021).

[12] *Robinson v. Cavalry Portfolio Services, LLC*, 365 F. App'x 104, 111 (quoting *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1228 (10th Cir. 2000)).

the duty of fair representation by acting in a discriminatory, dishonest, arbitrary, or perfunctory fashion; and *third*, that there was some causal connection whereby the union's breach of the duty of fair representation affected the integrity of the subsequent grievance proceeding.[13] At trial, when making its Rule 50(a) motion, Local 2406 challenged *only* the first element—whether Ms. Lott had proven that the City of Oklahoma City unjustly terminated her in a manner that qualified as a violation of the collective bargaining agreement. Despite the Court listing the three elements during the Rule 50(a) discussion and directly asking Local 2406 if it had any other grounds it wished to move on, Local 2406 never made a Rule 50(a) motion on the sufficiency of the evidence for the second element—that Local 2406 had arbitrarily, discriminatorily, perfunctorily, or in bad faith breached the duty of fair representation.

Rule 50(a) motions that challenge sufficiency of the evidence must "'specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment.'"[14] Although "technical precision is unnecessary" to satisfy this specificity requirement,[15] the Rule 50(a) motion must be specific enough "to alert the opposing party (and the court) of any deficiencies in the case, thereby giving the party the opportunity to rectify any deficiencies prior to the case being submitted to the jury."[16] Therefore, a movant

---

[13] *See* Jury Instructions (Dkt. 144), at 4.

[14] *Robinson*, 365 F. App'x at 110 (quoting Fed. R. Civ. P. 50(a)(2)).

[15] *Perez*, 847 F.3d at 1256.

[16] *Miller v. Eby Realty Grp., LLC*, 396 F.3d 1105, 1114 (10th Cir. 2005); *see also* 9B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2533 (3d ed. Apr. 2019) (stating that the requirement of a Rule 50(a) motion before the case is submitted

"*must* raise the same argument in both a Rule 50(a) and a Rule 50(b) motion"[17] and may not later raise in a post-trial motion "matter[s] of law . . . completely different from the arguments challenging the sufficiency of [plaintiff's] evidence" asserted during the trial.[18]

Here, since Local 2406 did not make a Rule 50(a) challenging the sufficiency of the evidence on element two at trial, it never alerted Ms. Lott to any potential deficiencies in that portion of her case and may not now raise such an argument for the first time in pursuit of post-trial judgment as a matter of law. The Court will therefore not address the waived argument that there was insufficient evidence to find that Local 2406 had arbitrarily, discriminatorily, perfunctorily, or in bad faith breached the duty of fair representation.[19]

---

to the jury "is to apprise the trial court of the moving party's position to see if any defects can be corrected before the jury retires").

[17] *Mountain Dudes v. Split Rock Holdings, Inc.*, 946 F.3d 1122, 1131 (10th Cir. 2019) (emphasis in original).

[18] *Id.* at 1132.

[19] Even if the Court did entertain the merits of the waived argument, the outcome would not change. At trial, Ms. Lott testified that Local 2406 failed to return her calls, failed to meet with her to prepare her case, and appeared to not be taking the matter seriously. She also testified that neither the president of Local 2406 nor the union "steward" designated to assist her in the grievance process had read her file, and that the steward had told her he would not even be accompanying her to the grievance hearing. Ms. Lott further testified that Local 2406 was simultaneously representing both her and the fellow employee who had caused her to be fired, and that Local 2406 failed to inform her that proceeding with private counsel would fully terminate Local 2406's involvement in the matter and would immediately end all grievance proceedings with the employer. To be sure, Local 2406 presented evidence to rebut these assertions. But on the basis of this testimony alone, there was sufficient evidence by which a reasonable jury could find that Local 2406 breached its duty of fair representation by acting in an arbitrarily, discriminatorily, perfunctorily, or in bad faith.

*Contractual Remedies*

The one argument that Local 2406 did properly preserve in its Rule 50(a) motion and reraise now in its renewed Rule 50(b) motion is that Ms. Lott failed to exhaust the contractual remedies of the collective bargaining agreement and is therefore barred by law from recovering. The Tenth Circuit has held that "[e]xhaustion is excused when . . . the union has prevented the employee from utilizing the grievance process by breaching its duty of fair representation."[20] Therefore, where a union handles the grievance procedure in an arbitrary, discriminatory, perfunctory, or bad-faith manner, any failure to exhaust contractual remedies is excused. Since those were precisely the facts alleged by Ms. Lott and found by the jury, Ms. Lott's failure to exhaust her contractual remedies does not bar recovery in this case.

*Verdict Against Weight of Evidence & New Trial*

In its third argument presented in the current motion, Local 2406 claims that "the only explanation for the obviously erroneous verdict" is that the jury was "confused" or "misunderstood or misinterpreted the court's instructions."[21] However, Local 2406 did not identify any erroneous or confusing instruction given to the jury[22] or any statements made during the trial that would have led the jury to confusion on the applicable legal standards.[23]

---

[20] *Garvin v. Am. Tel. & Tel. Co.*, 174 F.3d 1087, 1093 (10th Cir. 1999).

[21] Mot. (Dkt. 152), at 21–22.

[22] *See Univ. of Kansas v. Sinks*, 644 F. Supp. 2d 1287, 1301–02 (D. Kan. 2008) (rejecting a claim of jury confusion where there was no erroneous instruction and no evidence of confusion).

[23] *Id.*

Perhaps more relevantly, at no point during deliberation did the jury send queries to the Court or otherwise indicate any confusion with the applicable legal standards.[24] Given this complete lack of evidence on confusion, and the general presumption that a jury understands and follows its instructions,[25] the Court will not entertain a wholly-unsubstantiated invitation to peer into the mind of the jury and second-guess its ability to understand the Court's instructions.

Local 2406 follows this assertion with the claim that "damages awarded to Lott were excessive and that there was no possible causal connection between that alleged breach and her loss of wages."[26] After hearing testimony on Ms. Lott's lost wages, the jury ultimately found Local 2406 liable for $45,916.00. In its motion, Local 2406 cites the general governing principle of "apportion[ing] liability between the employer and the union according to the damage caused by the fault of each"[27] and argues that its own fault in the overall termination of Ms. Lott was minimal. However, Ms. Lott testified in line with a theory of the case that her termination by the City of Oklahoma City was entirely unjustified and that, had Local 2406 not breached its duty of fair representation and prevented her from engaging in the grievance process, she would have been rehired. A reasonable jury could give full credit to this theory of the case and assign full fault to Local

---

[24] *See United States v. Zimmerman*, 943 F.2d 1204, 1213–14 (10th Cir. 1991); *see also United States v. Duran*, 133 F.3d 1324, 1334–35 (10th Cir. 1998).

[25] *Weeks v. Angelone*, 528 U.S. 225, 234 (2000); *Battenfield v. Gibson*, 236 F.3d 1215, 1225 (10th Cir. 2001).

[26] *Id.* at 22.

[27] *Vaca v. Sipes*, 386 U.S. 171, 197 (1967).

2406, thus rendering Local 2406 liable for the full amount of damages suffered by Ms. Lott. Therefore, it is both reasonable for the jury to have found a causal connection between Local 2406's breach of duty and Ms. Lott's damages and to assign Local 2406 the full fault for the entire amount of the damages.

In sum, since the Court determined there was sufficient evidence to support a reasonable jury finding for Ms. Lott on each element and correctly instructed the jury on the applicable law, the jury could find in favor of Ms. Lott without being confused or misunderstanding the instructions. Additionally, the damages awarded were neither excessive nor against the weight of the evidence. Therefore, Local 2406 had failed to prove its entitlement to judgment as a matter of law, revision of the verdict, or a new trial.

## *Conclusion*

Local 2406 waived its argument against sufficiency of evidence on its breach of the duty of fair representation by failing to make it as a Rule 50(a) motion, and even if it had preserved such an argument, it would be incorrect. Ms. Lott's failure to exhaust contractual remedies is excused as a matter of law. And Local 2406 failed to present any grounds demonstrating how the damages were excessive or the verdict was against the weight of the evidence. Accordingly, Local 2406's Renewed Motion for Judgment as a Matter of Law, or a New Trial (Dkt. 152) is **DENIED**.

**IT IS SO ORDERED** this 28th day of April 2022.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

9